ANDREW J. EWING V. SOLOMON HOFFINE.

FILED MAY 19, 1898.    No. 8138.

Jurors: MISCONDUCT: EVIDENCE. Jurors may not state to fellow jurors, while considering their verdict, facts relative to issues in the case within their own personal knowledge, but not of the evidence introduced. They should make the same known during the trial, and, if desired, testify as witnesses. *Wood River Bank v. Dodge*, 36 Neb. 708, *Richards v. State*, 36 Neb. 18, followed.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.  *Reversed.*

W. C. *Sloan* and *Paul Jessen*, for plaintiff in error.

*John C. Watson* and *E. F. Warren*, contra.

HARRISON, C. J.

Action in ejectment by plaintiff to recover possession of a tract of land which bordered on the Missouri river and had been formed by accretion. The plaintiff was the owner of land to the east of which the land in dispute had been formed, and the defendant in the action was the owner of the land to the north of the tract in controversy and claimed it by accretion, and also alleged exclusive adverse possession during the prescribed statutory period. In the district court there was a verdict and judgment for the defendant.

In error proceeding to this court on behalf of the plaintiff it is contended that the misconduct of jurors who participated in such capacity in the trial of the cause furnishes grounds for a reversal of the judgment. One of the alleged properly assigned acts of misconduct of jurors is that two of them, in the course of the deliberations of the jury and in arguments in the jury room, used what they stated was their own personal knowledge, respectively, relative to the matters in issue in the cause, to influence other jurors to a conclusion favorable to the contention of one of the parties to the action and in whose favor the verdict was returned. There are in the record some attempted denials of the conduct ascribed to the jurors, but they do not fully meet the charges. There were also in this connection affidavits of the attorneys for plaintiff that they had no knowledge of the alleged acts of misconduct of the jurors until after the trial and discharge of the jury. On the subject here involved it has been stated by this court: "A juror will not be permitted to state to his fellow jurors, while they are con-

sidering their verdict, facts in the case within his own personal knowledge. He should make the same known during the trial and testify as a witness in the case. It is for the court to say what evidence is admissible in a case, and the adverse party may desire to cross-examine him. In any event, it is his duty to be governed by the evidence introduced on the trial and the instructions of the court; otherwise, in case of an erroneous verdict, it would be impossible to review the same." (*Wood River Bank v. Dodge*, 36 Neb. 708; *Richards v. State*, 36 Neb. 18.)

The evidence was conflicting, and we will not discuss or comment upon it here, since by reason of the error hereinbefore indicated the cause must be remanded for a new trial; nor do we deem it necessary or proper at this time to examine the other questions presented. The judgment of the district court is reversed and the case remanded.

REVERSED AND REMANDED.